UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| EBERAIA D. FIELDS,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT CARTER, SR., CHRISTINA REAGLE, and AYLSSA GARDNER,<br><br>Defendants. | No. 3:24 CV 146 |

## OPINION and ORDER

Eberaia D. Fields, a prisoner without a lawyer, filed a complaint alleging a violation of his Case Plan Credit Time (CPCT) agreement. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Fields alleges that he and Caseworker Aylssa Gardner signed a CPCT agreement on February 22, 2022, which gave him "the opportunity to earn educational credit time for whatever programming best serves his or her needs based on the IRAS assessment." DE # 1-1 at 4; *see also Bradford v. State*, 211 N.E.3d 36 (Ind. App. Ct. 2023) (discussing the

new CPCT program). He alleges the CPCT program was later changed, and he will be held in prison after October 8, 2024, when he should be released. (DE # 1 at ¶ 9.)

Fields asks for money damages to compensate him for the extra time he believes he will be spending in prison, but this claim is barred by the doctrine recognized in *Heck v. Humphrey*, which holds that when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[,]. . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. 477, 487 (1994). This bar applies here because a judgment in Fields' favor would imply that he was wrongfully imprisoned, even though he was imprisoned through a lawful judgment that had not been overturned. "A state prisoner's suit challenging the computation of his sentence is a suit challenging the duration of his confinement, and therefore, the appropriate vehicle to raise such a claim in federal court is a writ of habeas corpus under [28 U.S.C.] § 2254, after exhausting state remedies." *Beaven v. Roth*, 74 F. App'x 635, 638–39 (7th Cir. 2003); *see also Studebaker v. Sevier*, No. 1:23-CV-00381, 2023 WL 5289581, at *1 (S.D. Ind. Aug. 17, 2023) (dismissing a challenge as to whether plaintiff was properly advised about the new CPCT system because it could not be brought under § 1983).

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). That is the case here. There is no

2

basis to conclude that, if given another opportunity to plead his claims, Fields could overcome the *Heck* bar. *See Morgan v. Schott*, 914 F.3d 1115, 1120 (7th Cir. 2019) ("The favorable-termination rule [in *Heck*] is more than a procedural hurdle that plaintiffs can skirt with artful complaint drafting . . .. Rather, it is grounded in substantive concerns about allowing conflicting judgments.").

For these reasons, the court **DISMISSES** this action **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A because it is legally frivolous to challenge the duration of his confinement in a § 1983 civil lawsuit.

**SO ORDERED.**

Date: August 19, 2024

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT